```
ED04 CVS                    CIVIL SYNOPSIS SCREEN              03/07/2013

CASE# 12CH00001346  TITLE PALDO SIGN VS UNIFIED MARKETING        BENCH
SUBTYPE CLASS ACTION         FILED 03/19/2012    JUDGE BERRONES
STATUS ACTIVE            DATE 03/19/2012 CASE               CLERK CCMAM
            PARTIES, ATTORNEYS   FUTURE COURT APPEARANCES
PARTY NAME: PALDO SIGN AND DISPLAY COMPANY       ALIAS? N ROLE: PLAINTIFF
ATTY NAME: WANCA                  FIRM: 100531  PHONE: 847-368-1500

PARTY NAME: UNIFIED MARKETING LLC                ALIAS? N ROLE: DEFENDANT

PARTY NAME: UNITED VENDING AND MARKETING INC     ALIAS? N ROLE: DEFENDANT

PARTY NAME: SUNRISE MARKETING & VENDING INC      ALIAS? N ROLE: DEFENDANT

PARTY NAME: GLOBAL VENDING SERVICES INC          ALIAS? N ROLE: DEFENDANT

PARTY NAME: CAPICCHIONI, MATTHEW A.              ALIAS? Y ROLE: DEFENDANT

PARTY NAME: CHOMAKOS, NICHOLAS G.                ALIAS? Y ROLE: DEFENDANT

PARTY NAME: CHOMAKOS, LAURA E.                   ALIAS? N ROLE: DEFENDANT

PARTY NAME: ACCELERO COMMUNICATIONS INC          ALIAS? N ROLE: DEFENDANT

PARTY NAME: DIGITALSPEED COMMUNICATIONS INC      ALIAS? N ROLE: DEFENDANT

PARTY NAME: J2 GLOBAL INC                        ALIAS? N ROLE: DEFENDANT

PARTY NAME: J2 GLOBAL CANADA INC                 ALIAS? N ROLE: DEFENDANT

PARTY NAME: SLINGSHOT TECHNOLOGIES CORPORATION   ALIAS? N ROLE: DEFENDANT

PARTY NAME: EYAMIE, TYLER                        ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 1                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 2                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 3                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 4                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 5                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 6                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 7                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 8                           ALIAS? N ROLE: DEFENDANT

PARTY NAME: JOHN DOE 9                           ALIAS? N ROLE: DEFENDANT
```



```
ED04 CVS                    CIVIL SYNOPSIS SCREEN              03/07/2013

CASE# 12CH00001346  TITLE PALDO SIGN VS UNIFIED MARKETING          BENCH
SUBTYPE CLASS ACTION            FILED 03/19/2012    JUDGE BERRONES
STATUS ACTIVE                DATE 03/19/2012 CASE             CLERK CCMAM
                PARTIES, ATTORNEYS   FUTURE COURT APPEARANCES
PARTY NAME: JOHN DOE 10                        ALIAS? N ROLE: DEFENDANT
```

```
ED02 MQ                      MINUTES QUERY                    03/07/2013

CASE# 12CH00001346 FILED 03/19/2012  STATUS AC STATUS DATE 03/19/2012
TITLE PALDO SIGN VS UNIFIED MARKETING         ARREST AGENCY    BRANCH CE

DATE: 05/31/2013 TIME: 09:00A ROOM: C301  CALNDR: SPC NOTE:

        EVENTS:
            STATUS                            SET

DATE: 03/08/2013 TIME: 09:00A ROOM: C301  CALNDR: UNC NOTE:

        EVENTS:
            STATUS                            SET

DATE: 03/01/2013 TIME: 09:00A ROOM: C302  CALNDR: UNC NOTE:

        PRESENT:
            BERRONES, LUIS A.          PRESIDING JUDGE
            WANCA, BRIAN J.            ATY-PLAINTIFF

        EVENTS:
            STATUS                              CONTINUED PRESENT

DATE: 01/18/2013 TIME: 09:00A ROOM: C302  CALNDR: UNC NOTE:

        PRESENT:
            BERRONES, LUIS A.          PRESIDING JUDGE
            WANCA, BRIAN J.            ATY-PLAINTIFF

        EVENTS:
            STATUS                              CONTINUED PRESENT
            PLAINTIFFS MOTION TO FILE AMENDED COMPLAINT-GRANTED
            ORDER ENTERED                       YES PRESENT
            LEAVE TO FILE ITS FIRST AMENDED CLASS ACTION COMPLAINT AND FIRST
            AMENDED MOTION FOR CLASS CERTIFICATION

DATE: 11/30/2012 TIME: 09:00A ROOM: C302  CALNDR: SPC NOTE:

        PRESENT:
            BERRONES, LUIS A.          PRESIDING JUDGE
            MONAHAN, BOB               ATY ON BEHALF OF

        EVENTS:
            STATUS                              CONTINUED PRESENT

DATE: 07/27/2012 TIME: 09:00A ROOM: C302  CALNDR: SPC NOTE:

        PRESENT:
            BERRONES, LUIS A.          PRESIDING JUDGE
            WANCA, BRIAN J.            ATY-PLAINTIFF

        EVENTS:
```

ED02 MQ                          MINUTES QUERY                    03/07/2013

CASE# 12CH00001346 FILED 03/19/2012  STATUS AC STATUS DATE 03/19/2012
TITLE PALDO SIGN VS UNIFIED MARKETING          ARREST AGENCY     BRANCH CE

            STATUS                              YES PRESENT
            HEARING ON MOTION                   GRANTED
              LETTER ROGATORY
            ORDER ENTERED                        YES PRESENT

DATE: 07/20/2012 TIME: 09:00A ROOM: C302  CALNDR: SPC NOTE: STRICKEN

        EVENTS:
            STATUS                              STRICKEN FROM CALL

DATE: 07/06/2012 TIME: 09:00A ROOM: CBR   CALNDR: UNC NOTE:

        PRESENT:
            HOFFMAN, MITCHELL L.        PRESIDING JUDGE

        EVENTS:
            HEARING ON MOTION                   STRICKEN FROM CALL

```
AJ06 PAPQ                    PAPER QUERY                    03/07/2013

CASE# 12CH00001346 FILED 03/19/2012 STATUS AC STATUS DATE 03/19/2012
TITLE PALDO SIGN VS UNIFIED MARKETING        ARREST AGENCY    BRANCH CE


/
   DATE  03/01/2013 PAPER  ORDER                              DETAILS
   ACTION FILED     BY     PLAINTIFF  REASON                  PRIME   Y
         NOTE                          PAPER#  19613354

   DATE  02/28/2013 PAPER  SUMMONS DUPLICATE
   ACTION RETURNED  BY     PLAINTIFF  REASON                  DETAILS
         NOTE 1ST ON AMENDED COMPLAINT  PAPER#  19488505      PRIME   Y

   DATE  01/18/2013 PAPER  COMPLAINT AMENDED
   ACTION FILED     BY            REASON                      DETAILS
         NOTE FIRST-CLASS ACTION       PAPER#  19492428       PRIME   Y

   DATE  01/18/2013 PAPER  MOTION AMENDED
   ACTION FILED     BY            REASON                      DETAILS
         NOTE FIRST-FOR CLASS CERTIFICATION  PAPER#  19492427 PRIME   Y

   DATE  01/18/2013 PAPER  NOTICE OF FILING
   ACTION FILED     BY            REASON                      DETAILS
         NOTE                          PAPER#  19492426       PRIME   Y

   DATE  01/18/2013 PAPER  ORDER
   ACTION FILED     BY     PLAINTIFF  REASON                  DETAILS
         NOTE                          PAPER#  19490609       PRIME   Y

   DATE  01/18/2013 PAPER  MOTION
   ACTION FILED     BY     PLAINTIFF  REASON                  DETAILS
         NOTE FOR LEAVE TO FILE        PAPER#  19490608       PRIME   Y

   DATE  01/18/2013 PAPER  NOTICE OF MOTION
   ACTION FILED     BY     PLAINTIFF  REASON                  DETAILS
         NOTE                          PAPER#  19490607       PRIME   Y

   DATE  01/18/2013 PAPER  SUMMONS DUPLICATE
   ACTION ISSUED    BY     PLAINTIFF  REASON                  DETAILS
         NOTE 4TH ON AMENDED COMPLAINT  PAPER#  19488509      PRIME   Y

   DATE  01/18/2013 PAPER  SUMMONS DUPLICATE
   ACTION ISSUED    BY     PLAINTIFF  REASON                  DETAILS
         NOTE 3RD ON AMENDED COMPLAINT  PAPER#  19488507      PRIME   Y

   DATE  01/18/2013 PAPER  SUMMONS DUPLICATE
   ACTION ISSUED    BY     PLAINTIFF  REASON                  DETAILS
         NOTE 2ND ON AMENDED COMPLAINT  PAPER#  19488506      PRIME   Y

   DATE  01/18/2013 PAPER  SUMMONS DUPLICATE
   ACTION ISSUED    BY     PLAINTIFF  REASON                  DETAILS
         NOTE 1ST ON AMENDED COMPLAINT  PAPER#  19488505      PRIME   Y
```

```
AJ06 PAPQ                        PAPER QUERY                      03/07/2013

   CASE# 12CH00001346 FILED 03/19/2012 STATUS AC STATUS DATE 03/19/2012
   TITLE PALDO SIGN VS UNIFIED MARKETING          ARREST AGENCY    BRANCH CE


/
   DATE   01/18/2013 PAPER   SUMMONS
   ACTION ISSUED      BY      PLAINTIFF   REASON                   DETAILS
          NOTE ON AMENDED COMPLAINT            PAPER#   19488504   PRIME   Y

   DATE   11/30/2012 PAPER   ORDER
   ACTION FILED       BY                  REASON                   DETAILS
          NOTE                                 PAPER#   19355906   PRIME   Y

   DATE   07/27/2012 PAPER   ORDER
   ACTION FILED       BY                  REASON                   DETAILS
          NOTE                                 PAPER#   18983130   PRIME   Y

   DATE   07/27/2012 PAPER   LETTER
   ACTION FILED       BY                  REASON                   DETAILS
          NOTE ROGATORY                        PAPER#   18983129   PRIME   Y

   DATE   07/20/2012 PAPER   MOTION
   ACTION FILED       BY      PLAINTIFF   REASON                   DETAILS
          NOTE FOR LETTERS ROGATORY            PAPER#   18963530   PRIME   Y

   DATE   07/20/2012 PAPER   NOTICE OF MOTION
   ACTION FILED       BY      PLAINTIFF   REASON                   DETAILS
          NOTE                                 PAPER#   18963529   PRIME   Y

   DATE   06/06/2012 PAPER   SUMMONS COPY
   ACTION FILED       BY                  REASON                   DETAILS
          NOTE AFF OF SERV-NICHOLAS CHOMAKOS   PAPER#   18836455   PRIME   Y

   DATE   05/07/2012 PAPER   SUMMONS
   ACTION RETURNED    BY      PLAINTIFF   REASON                   DETAILS
          NOTE                                 PAPER#   18594449   PRIME   Y

   DATE   05/04/2012 PAPER   REQUEST
   ACTION FILED       BY      PLAINTIFF   REASON                   DETAILS
          NOTE FIRST FOR ADMISSIONS            PAPER#   18738366   PRIME   Y

   DATE   05/04/2012 PAPER   NOTICE OF FILING
   ACTION FILED       BY                  REASON                   DETAILS
          NOTE                                 PAPER#   18738365   PRIME   Y

   DATE   03/19/2012 PAPER   CERTIFICATE OF ATTORNEY
   ACTION FILED       BY                  REASON                   DETAILS
          NOTE                                 PAPER#   18594451   PRIME   Y

   DATE   03/19/2012 PAPER   MOTION
   ACTION FILED       BY      PLAINTIFF   REASON                   DETAILS
          NOTE FOR CLASS CERTIFICATION         PAPER#   18594450   PRIME   Y
```

```
AJ06 PAPQ                        PAPER QUERY                    03/07/2013

   CASE# 12CH00001346 FILED 03/19/2012 STATUS AC STATUS DATE 03/19/2012
   TITLE PALDO SIGN VS UNIFIED MARKETING          ARREST AGENCY    BRANCH CE


 /
   DATE   03/19/2012 PAPER  SUMMONS
   ACTION ISSUED     BY      PLAINTIFF  REASON                      DETAILS
          NOTE                                   PAPER#  18594449   PRIME    Y

   DATE   03/19/2012 PAPER  COMPLAINT
   ACTION FILED      BY      PLAINTIFF  REASON                      DETAILS
          NOTE CLASS ACTION                      PAPER#  18594448   PRIME    Y
```

8

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED

*Paddo Sign* )
)
  vs. )
)
*Unified Marketing* )

Case No. _12 CH 1346_   MAR 01 2013

*Keith Brin*
CIRCUIT CLERK

### ORDER

This matter coming before the Court on status,
due notice, the Court being fully advised,
IT IS HEREBY ORDERED THAT:

This matter is continued for status to
March 8, 2013 at 9:00 am in room ~~302~~ 301

ENTER:

_____
JUDGE

Dated this _7_ day of _March_ , 20_13_

Prepared by:
Attorney's Name: _Anderson & Wanca / GKL_
Address: _3701 Algonquin Rd # 760_
City: _Rolling Meadows_   State: _IL_
Phone: _847 368 1500_   Zip Code: _60008_
Fax: _847 368 1501_
ARDC: _3126474_

171-94  (Rev. 10/11)

## IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
## LAKE COUNTY, ILLINOIS

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, individually and as the representative of a class of similarly-situated persons, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) |
| UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A. CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., SLINGSHOT TECHNOLOGIES CORPORATION, TYLER EYAMIE, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## SERVICE LIST ON FIRST AMENDED COMPLAINT

**ACCELERO COMMUNICATIONS, INC.**
c/o Aaagent Services, LLC
125 Locust Street
Harrisburg, PA 17101

**DIGITALSPEED COMMUNICATIONS, INC.**
c/o Stephen Schurer, President
CO MANAGEMENT INC.
1628 JFK Blvd, Ste 2300
Philadelphia, PA 19103-51

**J2 GLOBAL, INC.**
c/o Corporation Service Company, Reg. Agent
2711 Centerville Road, Ste 400
Wilmington, DE 19808

**SLINGSHOT TECHNOLOGIES CORPORATION**
c/o Adam Pasternack, President
2400 Market Street SU
Philadelphia, PA 19103-51

**TYLER EYAMIE**
110 Braddock Private
Ottawa, Ontario Canada K2J 5S6

**J2 GLOBAL CANADA, INC.**
c/o Osler, Hoskin & Harcourt LLP, R.A.
340 Albert Street, Suite 1900
Ottawa, Ontario Canada K1R 7Y6

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT**
**LAKE COUNTY, ILLINOIS**

FILED
JAN 13 2013
*Keith Brin*
CIRCUIT CLERK

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 12 CH 1346 ) ) |
| UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A. CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., SLINGSHOT TECHNOLOGIES CORPORATION, TYLER EYAMIE, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, PALDO SIGN AND DISPLAY COMPANY ("Plaintiff"), brings this action on

behalf of itself and all other persons similarly situated, through its attorneys, and except as to

those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon

personal knowledge, alleges the following upon information and belief against Defendants,

UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE

MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A

CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA,

LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED

COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., SLINGSHOT

TECHNOLOGIES CORPORATION, TYLER EYAMIE, and JOHN DOES 1-10 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

2

7.     Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County.

8.     Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.     Plaintiff is an Illinois corporation.

10.     On information and belief, Defendants, UNITED VENDING AND MARKETING, INC. ("UNITED"), SUNRISE MARKETING & VENDING, INC. ("SUNRISE"), GLOBAL VENDING SERVICES INC. ("GLOBAL"), were at all relevant times Nevada corporations which have their principal place of business in Las Vegas, Nevada.

11.     On information and belief, Defendant, UNIFIED MARKETING, LLC, was at all relevant times a Nevada limited liability company.

12.     On information and belief, Defendants, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., AND SLINGSHOT TECHNOLOGIES CORPORATION (collectively referred to as "SLINGSHOT"), were at all relevant times Pennsylvania corporations which have their principal place of business in Pennsylvania.

13.     On information and belief, Defendant, J2 GLOBAL, INC. ("J2 USA"), is a Delaware corporation which has a principal place of business in California.

14.     On information and belief, Defendant, J2 GLOBAL CANADA, INC., ("J2 CANADA"), is a Canadian corporation which has a principal place of business in Ontario.

15.     On information and belief, Defendant, TYLER EYAMIE ("EYAMIE"), is a Canadian resident.

3

16. On information and belief, Defendants, NICHOLAS G. CHOMAKOS ("N. CHOMAKOS"), LAURA E. CHOMAKOS (" L. CHOMAKOS") AND MATTHEW A. CAPICCHIONI ("CAPICCHIONI") were at all relevant times officers, directors, shareholders and control persons of GLOBAL, SUNRISE and UNITED.

17. On information and belief, LAURA E. CHOMAKOS was at all relevant times a Manager, member and control person of UNIFIED MARKETING, LLC ("UNIFIED").

18. John Does 1-10 will be identified through discovery, but are not presently known.

19. On information and belief, N. CHOMAKOS, L. CHOMAKOS and CAPICCHIONI approved, authorized and participated in the scheme to broadcast by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the facsimiles; (c) creating and approving the form of facsimile to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the facsimiles.

20. On information and belief, EYAMIE was at all relevant times an agent or employee for Defendants J2 CANADA, J2 USA, SLINGSHOT, ACCELERO and/or DIGITALSPEED, which provided lists of fax numbers, located the fax broadcasters, provided opt out phone numbers and managed opt outs for UNIFIED, UNITED, SUNRISE, GLOBAL, N. CHOMAKOS, L. CHOMAKOS, and CAPICCHIONI.

21. On information and belief, J2 CANADA, J2 USA and SLINGSHOT are fax broadcasters with a "high degree of involvement in" the sending of the unsolicited fax advertisements at issue in this case. 47 C.F.R. § 64.1200

## FACTS

4

22.   On or about September 28, 2009, Defendants sent a facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

23.   Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

24.   Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

25.   Plaintiff had not invited or given permission to Defendants to send the facsimile.

26.   On information and belief, Defendants sent the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

27.   There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

28.   Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

29.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four (4) years prior to the filing of this complaint, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property,

goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

31. A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)     Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendants violated the provisions of 47 USC § 227;

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)     Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)     Whether the Court should award trebled damages; and

6

(ix)     Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

32.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

33.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

35.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

36.     The TCPA provides:

>     3.     _Private right of action_. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>         (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>         (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>         (C)     Both such actions.

7

37.     The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

38.     Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

39.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

40.     Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

41.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage

8

sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

42.    Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., TYLER EYAMIE, AND SLINGSHOT TECHNOLOGIES CORPORATION, and JOHN DOES 1-10, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

**COUNT II**
**CONVERSION**

43.     Plaintiff incorporates paragraph 1, 3, 6 through 20, and 22 through 27 as though fully set forth herein.

44.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five (5) years prior to the filing of this complaint were sent telephone facsimile messages by or on behalf of Defendants.

45.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii)     Whether Defendants committed the tort of conversion.

46.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims

involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

47.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

49.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

50.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

51.     Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

52.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

53.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and

11

reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

54. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., TYLER EYAMIE, AND SLINGSHOT TECHNOLOGIES CORPORATION, and JOHN DOES 1-10, jointly and severally, as follows:

    A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

    B. That the Court award appropriate damages;

    C. That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

55.     Plaintiff incorporates paragraphs 1, 3, 6 through 20, and 22 through 27 as though fully set forth herein.

56.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants unfair practice of sending unsolicited and unlawful faxes:

> All persons who on or after three (3) years prior to the date of filing of this complaint, were sent telephone facsimile messages by or on behalf of Defendants.

57.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii)     Whether Defendants' practice of sending unsolicited faxes violates Illinois public policy;

13

(iv)    Whether Defendants' practice of sending unsolicited faxes is an

unfair practice under the Consumer Fraud Act;

(v)    Whether Defendants should be enjoined from sending unsolicited

faxes in the future.

58.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff has retained counsel who are experienced in handling class actions and

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any

interests adverse or in conflict with the class.

59.    A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of the individual class members in individually controlling the

prosecution of separate claims is small and individual actions are not economically feasible.

60.    Defendants' unsolicited fax practice is an unfair practice, because it violates

public policy, and because it forced Plaintiff and the other class members to incur expense

without any consideration in return. Defendants' practice effectively forced Plaintiff and the

other class members to pay for Defendants' faxing campaign.

61.    Defendants violated the unfairness predicate of the Act by engaging in an

unscrupulous business practice and by violating Illinois statutory public policy, which public

policy violations in the aggregate caused substantial injury to hundreds of persons.

62.    Defendants' misconduct caused damages to Plaintiff and the other members of the

class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their

employees' time.

63.    Defendants' actions caused damages to Plaintiff and the other class members

because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper

14

and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A. CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., TYLER EYAMIE, AND SLINGSHOT TECHNOLOGIES CORPORATION, and JOHN DOES 1-10, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendants from sending unsolicited faxes to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

15

Respectfully submitted,

PALDO SIGN AND DISPLAY COMPANY,
individually and as the representative of a class of
similarly-situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC #3126474

16

**EXHIBIT A**

To:                    Fm:Vending          10:17 09/28/09 PG 001

Attention: **Office Manager**

# Limited Time
## Offer



# Brand New
# Combination Snack & Soda
# Vending Machine

## We will beat all current vend prices.
## No fees what so ever

### Mix & match Pepsi, Coke & juice products along with your favorite snacks.



- Locally owned & operated
- Guaranteed better service (serviced every week)
- Vends as low as 50 cents
- We let your company choose the type of drinks and snacks you would like in the machine(s)
- Floor space saver: 2 ft deep by 3 ft wide by 6 ft tall
- Plugs into regular outlet
- No contracts to sign or long term agreements
- Option to earn portion of profits
- In business since 1998

### For additional information Call: 1-877-387-5318

If interested, please complete bottom portion and fax back to **1-866-722-4007**

Company Name _____

Contact Name _____

Address _____

Telephone _____ No. of employees _____

If you received this fax in error, please call 1-866-282-8543 to be removed from our list.

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

**FILED**

JAN 18 2013

*Keith Bryan*
CIRCUIT CLERK

PALDO SIGN AND DISPLAY COMPANY, individually
and as the representative of a class of similarly-situated
persons,

                        Plaintiff,

    v.

UNIFIED MARKETING, LLC, UNITED VENDING
AND MARKETING, INC., SUNRISE MARKETING &
VENDING, INC., GLOBAL VENDING SERVICES
INC., MATTHEW A. CAPICCHIONI a/k/a MATT
CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK
CHOMA, LAURA E. CHOMAKOS, ACCELERO
COMMUNICATIONS, INC., DIGITALSPEED
COMMUNICATIONS, INC., J2 GLOBAL, INC., J2
GLOBAL CANADA, INC., SLINGSHOT
TECHNOLOGIES CORPORATION, TYLER EYAMIE,
and JOHN DOES 1-10,

                        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 12 CH 1346

## NOTICE OF FILING

TO:   Sunrise Marketing & Vending, Inc.           Unified Marketing, LLC
      United Vending and Marketing, Inc.      LAURA CHOMAKOS
      NICHOLAS G. CHOMAKOS            1773 Cape Cod Landing
      1773 Cape Cod Landing              Las Vegas, NV 89135
      Las Vegas, NV 89135

      PLEASE TAKE NOTICE that on January 18, 2013, we caused to be filed with the Clerk of the
Circuit Court of Lake County *Plaintiff's First Amended Class Action Complaint and First Amended
Motion for Class Certification,* copies of which are attached and hereby served upon you.

                                   _____
                                   One of Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

      I, the undersigned, state that on January 18, 2013, I served a true and correct copy of this Notice
of Motion and Motion on the parties listed above, via:

X       U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with
          proper postage prepaid to the addresses listed on the attached Service List

☐      Facsimile to the above listed telephone numbers

[X]  Under penalties as provided by law pursuant
     to 735 ILCS 5/1-109, I certify that the statements
     set forth herein are true and correct.

                         _____

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY COMPANY,       )
individually and as the representative of a class of   )
similarly-situated persons,              )
                                  )
                  Plaintiff,          )
                                  )    Case No.: 12 CH 1346
        v.                          )
                                  )
UNIFIED MARKETING, LLC, UNITED VENDING  )
AND MARKETING, INC., SUNRISE         )
MARKETING & VENDING, INC., GLOBAL     )
VENDING SERVICES INC., MATTHEW A.     )
CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G.  )
CHOMAKOS a/k/a NICK CHOMA, LAURA E.   )
CHOMAKOS, ACCELERO COMMUNICATIONS,   )
INC., DIGITALSPEED COMMUNICATIONS,    )
INC., J2 GLOBAL, INC., J2 GLOBAL CANADA,  )
INC., SLINGSHOT TECHNOLOGIES        )
CORPORATION, TYLER EYAMIE, and JOHN   )
DOES 1-10,                        )
                                  )
                  Defendants.        )

## PLAINTIFF'S FIRST AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff, PALDO SIGN AND DISPLAY COMPANY, by its attorneys, Anderson +

Wanca, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four (4) years prior to the filing of
> this complaint, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (3) from whom
> Defendants did not obtain prior express permission or invitation to
> send those faxes, (4) with whom Defendants did not have an
> established business relationship, and (5) which did not display a
> proper opt out notice.

> All persons who on or after five years (5) prior to the filing of this
> complaint, were sent telephone facsimile messages by or on behalf
> of Defendants.

All persons in Illinois who on or after three (3) years prior to the filing of this complaint, were sent telephone facsimile messages by or on behalf of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

PALDO SIGN AND DISPLAY COMPANY, individually, and as the representative for a class of similarly-situated persons

By: _Brian J Wanca_____
One of the Attorneys for Plaintiff

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC #3126474

2

## IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
## LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY )
COMPANY, individually and as the )
representative of a class of similarly- )
situated persons, )
)
Plaintiff, )      Case No.: 12 CH 1346
)
v. )
)
UNIFIED MARKETING, LLC, et al )
)
Defendants. )

FILED
JAN 1 8 2013
*Keith Brin*
CIRCUIT CLERK

### ORDER

THIS CAUSE coming to be heard for status and on Plaintiff's Motion for Leave to File

First Amended Class Action Complaint and Add Additional Party Defendants and First

Amended Motion for Class Certification, due notice having been given, and the court being

advised,

**IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion is GRANTED

2.    Plaintiff is given leave to file its First Amended Class Action Complaint and First
      Amended Motion for Class Certification, adding additional party defendants, with
      summons to issue.

3.    Status is continued to March 1, 2013, at 9:00 a.m., Room C-302, without further
      notice.

ENTERED:    302

_____
Judge of the Circuit Court

Prepared by:
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/ 368-1500

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY COMPANY,　　　　)
individually and as the representative of a class of　)
similarly-situated persons,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　Case No.:
　　　　　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
UNIFIED MARKETING, LLC, UNITED VENDING　)
AND MARKETING, INC., SUNRISE　　　　　　)
MARKETING & VENDING, INC., GLOBAL　　　)
VENDING SERVICES INC., MATTHEW A.　　　)
CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G.　)
CHOMAKOS a/k/a NICK CHOMA, LAURA E.　　)
CHOMAKOS, and JOHN DOES 1-10,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　　)

F I L E D

JAN 18 2013

*Keith Brin*
CIRCUIT CLERK

### PLAINTIFF'S MOTION FOR LEAVE TO FILE
### FIRST AMENDED CLASS ACTION COMPLAINT AND
### ADD ADDITIONAL PARTY DEFENDANTS

NOW COMES, Plaintiff, PALDO SIGN AND DISPLAY COMPANY ("Plaintiff"), by

and through its attorneys Anderson + Wanca, and pursuant to Section 2-616 of the Illinois Code

of Civil Procedure, 735 ILCS § 5/2-616, respectfully requests this Court to grant it leave to file

its First Amended Class Action Complaint against Defendants UNIFIED MARKETING, LLC,

UNITED VENDING AND MARKETEING, INC., SUNRISE MARKETING & VENDING,

INC., GLOBAL VENDING SERVICES INC., MATTHEW A. CAPICCHIONI a/k/a MATT

CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS and

JOHN DOES 1-10 and additional Defendants, ACCELERO COMMUNICATIONS, INC.,

DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA,

INC., SLINGSHOT TECHNOLOGIES CORPORATION, and TYLER EYAMIE. In support

thereof, Plaintiff states as follows:

1.     Plaintiff has filed a putative class action complaint seeking redress under The Telephone Consumer Protection Act ("TCPA") in Count I, common law conversion in Count II, and violations of the Illinois Consumer Fraud Act in Count III.

2.     Through Discovery Plaintiff has determined there are additional responsible parties that were involved in broadcasting the faxes at issue in this case for the previously named defendants. Plaintiff seeks to add ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., SLINGSHOT TECHNOLOGIES CORPORATION, and TYLER EYAMIE as additional party defendants.

3.     Although a party's right to amend is not absolute, circuit courts are encouraged to freely and liberally allow a party to amend the pleadings. *Suburban Auto Rebuilders, Inc. v. Associated Tile Dealers Warehouse, Inc.*, 388 Ill. App. 3d 81, 96, 902 N.E.2d 1178, 1192 (1st Dist. 2009). Amendments to pleadings should be liberally allowed unless the opponent would be prejudiced as a result. *Flores v. Palmer Marketing, Inc.*, 361 Ill. App. 3d 172, 179, 836 N.E.2d 792, 797 (1st Dist. 2005). Factors to be considered in deciding whether to allow an amendment is whether the amendment would cure the pleading defect; whether it would surprise or prejudice the other side; the timeliness of the proposed amendment; and whether previous opportunities to amend have been allowed. *Flores*, 361 Ill. App. 3d at 179, 836 N.E.2d at 797-98.

4.     This case is still at the pleadings stage -- Defendants will be neither surprised nor prejudiced by the First Amended Class Action Complaint, as it is timely.

5.     A true and correct copy of Plaintiff's proposed First Amended Class Action Complaint and First Amended Motion for Class Certification are attached hereto as Exhibits A and B, respectively.

2

WHEREFORE, Plaintiff PALDO SIGN AND DISPLAY COMPANY respectfully moves this Honorable Court for an order granting it leave to file its First Amended Class Action Complaint and First Amended Motion for Class Certification and to add ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., SLINGSHOT TECHNOLOGIES CORPORATION, and TYLER EYAMIE as additional party defendants with summonses to issue, and such other relief as this Court deems proper and just.

Respectfully submitted,

PALDO SIGN AND DISPLAY COMPANY, an Illinois corporation, individually and as the representative of a class of similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
A.R.D.C. No.: 3126474

3

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY COMPANY,    )
individually and as the representative of a class of    )
similarly-situated persons,    )
    )
        Plaintiff,    )
    )    Case No.: 12 CH 1346
    )
       v.    )
    )
UNIFIED MARKETING, LLC, UNITED VENDING    )
AND MARKETING, INC., SUNRISE    )
MARKETING & VENDING, INC., GLOBAL    )
VENDING SERVICES INC., MATTHEW A.    )
CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G.    )
CHOMAKOS a/k/a NICK CHOMA, LAURA E.    )
CHOMAKOS, ACCELERO COMMUNICATIONS,    )
INC., DIGITALSPEED COMMUNICATIONS,    )
INC., J2 GLOBAL, INC., J2 GLOBAL CANADA,    )
INC., SLINGSHOT TECHNOLOGIES    )
CORPORATION, TYLER EYAMIE, and JOHN    )
DOES 1-10,    )
    )
        Defendants.    )

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, PALDO SIGN AND DISPLAY COMPANY ("Plaintiff"), brings this action on

behalf of itself and all other persons similarly situated, through its attorneys, and except as to

those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon

personal knowledge, alleges the following upon information and belief against Defendants,

UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE

MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A.

CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA,

LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED

COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., SLINGSHOT

TECHNOLOGIES CORPORATION, TYLER EYAMIE, and JOHN DOES 1-10 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

2

7.    Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County.

8.    Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff is an Illinois corporation.

10.    On information and belief, Defendants, UNITED VENDING AND MARKETING, INC. ("UNITED"), SUNRISE MARKETING & VENDING, INC. ("SUNRISE"), GLOBAL VENDING SERVICES INC. ("GLOBAL"), were at all relevant times Nevada corporations which have their principal place of business in Las Vegas, Nevada.

11.    On information and belief, Defendant, UNIFIED MARKETING, LLC, was at all relevant times a Nevada limited liability company.

12.    On information and belief, Defendants, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., AND SLINGSHOT TECHNOLOGIES CORPORATION (collectively referred to as "SLINGSHOT"), were at all relevant times Pennsylvania corporations which have their principal place of business in Pennsylvania.

13.    On information and belief, Defendant, J2 GLOBAL, INC. ("J2 USA"), is a Delaware corporation which has a principal place of business in California.

14.    On information and belief, Defendant, J2 GLOBAL CANADA, INC., ("J2 CANADA"), is a Canadian corporation which has a principal place of business in Ontario.

15.    On information and belief, Defendant, TYLER EYAMIE ("EYAMIE"), is a Canadian resident.

3

16.     On information and belief, Defendants, NICHOLAS G. CHOMAKOS ("N. CHOMAKOS"), LAURA E. CHOMAKOS (" L. CHOMAKOS") AND MATTHEW A. CAPICCHIONI ("CAPICCHIONI") were at all relevant times officers, directors, shareholders and control persons of GLOBAL, SUNRISE and UNITED.

17.     On information and belief, LAURA E. CHOMAKOS was at all relevant times a Manager, member and control person of UNIFIED MARKETING, LLC ("UNIFIED").

18.     John Does 1-10 will be identified through discovery, but are not presently known.

19.     On information and belief, N. CHOMAKOS, L. CHOMAKOS and CAPICCHIONI approved, authorized and participated in the scheme to broadcast by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the facsimiles; (c) creating and approving the form of facsimile to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the facsimiles.

20.     On information and belief, EYAMIE was at all relevant times an agent or employee for Defendants J2 CANADA, J2 USA, SLINGSHOT, ACCELERO and/or DIGITALSPEED, which provided lists of fax numbers, located the fax broadcasters, provided opt out phone numbers and managed opt outs for UNIFIED, UNITED, SUNRISE, GLOBAL, N. CHOMAKOS, L. CHOMAKOS, and CAPICCHIONI.

21.     On information and belief, J2 CANADA, J2 USA and SLINGSHOT are fax broadcasters with a "high degree of involvement in" the sending of the unsolicited fax advertisements at issue in this case. 47 C.F.R. § 64.1200

## FACTS

4

22. On or about September 28, 2009, Defendants sent a facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

23. Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

24. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

25. Plaintiff had not invited or given permission to Defendants to send the facsimile.

26. On information and belief, Defendants sent the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

27. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

28. Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four (4) years prior to the filing of this complaint, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property,

5

goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

31.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)    Whether the Court should award trebled damages; and

6

(ix)    Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

35.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

36.    The TCPA provides:

3.    Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

7

37.     The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

38.     Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

39.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

40.     Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

41.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage

sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

42.  Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., TYLER EYAMIE, AND SLINGSHOT TECHNOLOGIES CORPORATION, and JOHN DOES 1-10, jointly and severally, as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award $500.00 in damages for each violation of the TCPA;

C.  That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

43.     Plaintiff incorporates paragraph 1, 3, 6 through 20, and 22 through 27 as though fully set forth herein.

44.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five (5) years prior to the filing of this complaint were sent telephone facsimile messages by or on behalf of Defendants.

45.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii)   Whether Defendants committed the tort of conversion.

46.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims

10

involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

47. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

49. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

50. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

51. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

52. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

53. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and

reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

54.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., TYLER EYAMIE, AND SLINGSHOT TECHNOLOGIES CORPORATION, and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

12

D.      Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

55.     Plaintiff incorporates paragraphs 1, 3, 6 through 20, and 22 through 27 as though

fully set forth herein.

56.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, bring Count III for Defendants unfair practice of sending unsolicited and unlawful

faxes:

> All persons who on or after three (3) years prior to the date of
> filing of this complaint, were sent telephone facsimile messages by
> or on behalf of Defendants.

57.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)     There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited

fax advertisements;

(ii)    The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii)   Whether Defendants' practice of sending unsolicited faxes violates

Illinois public policy;

13

(iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v)    Whether Defendants should be enjoined from sending unsolicited faxes in the future.

58.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

59.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

60.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' faxing campaign.

61.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

62.    Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

63.    Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper

14

and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A. CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, ACCELERO COMMUNICATIONS, INC., DIGITALSPEED COMMUNICATIONS, INC., J2 GLOBAL, INC., J2 GLOBAL CANADA, INC., TYLER EYAMIE, AND SLINGSHOT TECHNOLOGIES CORPORATION, and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxes to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

15

Respectfully submitted,

PALDO SIGN AND DISPLAY COMPANY,
individually and as the representative of a class of
similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC #3126474

16

EXHIBIT A

To:
Fm:Vending                    10:17 09/28/09 , 001

Attention: **Office Manager**

# Limited Time
Offer



## Brand New
# Combination Snack & Soda
# Vending Machine

## We will beat all current vend prices.
## No fees what so ever

### Mix & match Pepsi, Coke & juice products along with your favorite snacks.



- Locally owned & operated
- Guaranteed better service (serviced every week)
- Vends as low as 50 cents
- We let your company choose the type of drinks and snacks you would like in the machine(s)
- Floor space saver: 2 ft deep by 3 ft wide by 5 ft tall
- Plugs into regular outlet
- No contracts to sign or long term agreements
- Option to earn portion of profits
- In business since 1998

### For additional information Call: 1-877-387-5318

If interested, please complete bottom portion and fax back to **1-866-722-4007**

Company Name _____

Contact Name _____

Address _____

Telephone _____ No. of employees _____

If you received this fax in error, please call 1-866-282-8543 to be removed from our list.

**EXHIBIT B**

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY COMPANY,                          )
individually and as the representative of a class of      )
similarly-situated persons,                               )
                                                          )
                    Plaintiff,                            )
                                                          )      Case No.: 12 CH 1346
          v.                                              )
                                                          )
UNIFIED MARKETING, LLC, UNITED VENDING                   )
AND MARKETING, INC., SUNRISE                             )
MARKETING & VENDING, INC., GLOBAL                        )
VENDING SERVICES INC., MATTHEW A.                        )
CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G.                 )
CHOMAKOS a/k/a NICK CHOMA, LAURA E.                      )
CHOMAKOS, ACCELERO COMMUNICATIONS,                       )
INC., DIGITALSPEED COMMUNICATIONS,                       )
INC., J2 GLOBAL, INC., J2 GLOBAL CANADA,                 )
INC., SLINGSHOT TECHNOLOGIES                             )
CORPORATION, TYLER EYAMIE, and JOHN                      )
DOES 1-10,                                               )
                                                          )
                    Defendants.                           )

## PLAINTIFF'S FIRST AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff, PALDO SIGN AND DISPLAY COMPANY, by its attorneys, Anderson +

Wanca, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four (4) years prior to the filing of
> this complaint, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (3) from whom
> Defendants did not obtain prior express permission or invitation to
> send those faxes, (4) with whom Defendants did not have an
> established business relationship, and (5) which did not display a
> proper opt out notice.

> All persons who on or after five years (5) prior to the filing of this
> complaint, were sent telephone facsimile messages by or on behalf
> of Defendants.

All persons in Illinois who on or after three (3) years prior to the filing of this complaint, were sent telephone facsimile messages by or on behalf of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, PALDO SIGN AND DISPLAY COMPANY, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

PALDO SIGN AND DISPLAY COMPANY, individually, and as the representative for a class of similarly-situated persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC #3126474

2

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

FILED

JAN 18 2013

*Keith Brin*
CIRCUIT CLERK

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 12 CH 1346 ) ) |
| UNIFIED MARKETING, LLC, UNITED VENDING AND MARKETING, INC., SUNRISE MARKETING & VENDING, INC., GLOBAL VENDING SERVICES INC., MATTHEW A. CAPICCHIONI a/k/a MATT CAPI, NICHOLAS G. CHOMAKOS a/k/a NICK CHOMA, LAURA E. CHOMAKOS, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF MOTION

TO:    Sunrise Marketing & Vending, Inc.        Unified Marketing, LLC
        United Vending and Marketing, Inc.      LAURA CHOMAKOS
        NICHOLAS G. CHOMAKOS              1773 Cape Cod Landing
        1773 Cape Cod Landing                Las Vegas, NV  89135
        Las Vegas, NV  89135

On January 18, 2013 at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Luis A. Berrones or any Judge sitting in his stead, in Courtroom C302 of the Circuit Court of Lake County located at 18 N. County Street, Waukegan, IL and then and there present *Plaintiff's Motion to For Leave to File First Amended Class Action Complaint and First Amended Motion for Class Certification,* copies of which are attached hereto and hereby served upon you.

_____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

## CERTIFICATE OF SERVICE

I, the undersigned, state that on January 11, 2013, I served a true and correct copy of this Notice of Motion and Motion on the parties listed above, via:

    U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the addresses listed on the attached Service List

☐    Overnight delivery to the addresses listed on the attached Service List

☐    Facsimile machine from Rolling Meadows, IL, to the telephone numbers listed on the attached Service List

[X]   Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
A.R.D.C. No.: 3126474

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

FILED

NOV 30 2012

*Sally D Coffelt*
CIRCUIT CLERK

PALDO SIGN AND DISPLAY
COMPANY, individually and as the
representative of a class of similarly-
situated persons,

            Plaintiff,

      v.

UNIFIED MARKETING, LLC, et al

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 12 CH 1346

## ORDER

THIS CAUSE coming to be heard for status, due notice having been given, and the court

being advised,

IT IS HEREBY ORDERED:

1.    Status is continued to January 18, 2013, at 9:00 a.m., Room C-302, without further
notice.

                ENTERED:

                *Luis A Berrones*
                Judge of the Circuit Court

Prepared by:
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/ 368-1500

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

**FILED**

**JUL 27 2012**

*Gregory Offield*
CIRCUIT CLERK

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 12 CH 1346 ) ) |
| UNIFIED MARKETING, LLC, et al | ) ) |
| Defendants. | ) ) |

## ORDER

THIS CAUSE coming to be heard on Plaintiff's Motion for Letter Rogatory for the purpose of taking an out of country deposition and obtaining the documents, due notice having been given, the Court being advised in the premises;

IT IS HEREBY ORDERED that:

(1)     This Court finds good cause exists to allow Plaintiff to seek discovery from Tyler Eyamie.

(2)     Plaintiff's Motion for Letter Rogatory is GRANTED.

(3)     This Court requests the courts in Ontario, Canada to assist the parties in the above-captioned matter in their discovery efforts.

ENTER:

*Luis A Berrones*
_____
Judge of the Circuit Court

Prepared by:
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
#3126474

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY COMPANY,  )
individually and as the representative of a class of  )
similarly-situated persons,  )
                            )
            Plaintiff,  )
              )   Case No.: 12 CH 1346
       v.  )
              )
UNIFIED MARKETING, LLC, et al  )
              )
            Defendants.  )
              )

FILED
JUL 27 2012
CIRCUIT CLERK

## LETTER ROGATORY

The Circuit Court of the 19th
Judicial District in Lake County, Illinois
TO
The Minister of Finance
Courts Administration
Court House (Provincial Division)
393 Main Street
Haileyburg, Ontario, Canada POJ1KO

WHEREAS, a certain suit is now pending in the Circuit Court of the 19th Judicial District

in Lake County, Illinois, in which PALDO SIGN AND DISPLAY COMPANY, individually and

as the representative of a class of Similarly-Situated Persons is the Plaintiff, and Unified

Marketing, LLC, United Vending And Marketing, Inc., Sunrise Marketing & Vending, Inc.,

Global Vending Services Inc., Matthew A. Capicchioni a/k/a Matt Capi, Nicholas G. Chomakos

a/k/a Nick Choma, Laura E. Chomakos, are the Defendants. It has been suggested to us that

justice cannot be completely done between these parties without the production of documents

more fully described on Exhibit A and the deposition testimony of Tyler Eyamie, 110 Braddock

Private Ottawa, Ontario, Canada, K2J 5S6.

We, therefore, request you, in furtherance of justice by the proper and usual process of your court cause Tyler Eyamie to appear before you or some competent person appointed by you for that purpose, at a date and time to be fixed, and there to answer on its oath or affirmation to the questions and cross questions propounded by the attorneys for the parties listed below, and that you will cause the deposition to be committed to writing and returned to us by certified mail, under cover duly closed and sealed up, addressed to the Clerk for the Circuit Court of the 19th Judicial District in Lake County, Illinois, 18 North County Street, Waukegan, IL 60085.

And we shall be ready and willing to do the same for you in a similar case when required.

LUIS A. BERRONES

Witness, the Hon. Judge ~~Mitchell Hoffman,~~ Circuit Court of the 19th Judicial District in Lake County, Illinois,, and the seal thereof, this ____ day of July, 2012.

_____
Judge

_____
Clerk

Attorneys for Plaintiff:
Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500

2

# EXHIBIT A

You are requested to be deposed at a place and time to be selected by Plaintiff and produce the following documents at least one week prior:

Definitions

"Defendant" means Unified Marketing, LLLC, United Vending And Marketing, Inc., Sunrise Marketing & Vending, Inc., Global Vending Services Inc., Matthew A. Capicchioni a/k/a Matt Capi, Nicholas G. Chomakos a/k/a Nick Choma, Laura E. Chomakos and/or any of your employees, agents.

1.  All information provided to you by Defendant, Unix U.S.A, Erol Soamez, and/or Yuriy Mirskiy.

3

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

FILED

JUL 20 2012

*Sally A. Coffelt*
CIRCUIT CLERK

PALDO SIGN AND DISPLAY
COMPANY, individually and as the
representative of a class of similarly-
situated persons,

        Plaintiff,

        v.

UNIFIED MARKETING, LLC, et al

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 12 CH 1346

## PLAINTIFF'S MOTION FOR LETTERS ROGATORY

NOW COMES Plaintiff, PALDO SIGN AND DISPLAY COMPANY ("Plaintiff"),

individually and as the representative of a class of similarly situated persons, through its

attorneys, pursuant to Illinois Supreme Court Rules 204 and 205, and respectfully requests this

Court for an Order for Letters Rogatory for Tyler Eyamie to attend a deposition and produce

documents as required by the procedure of the Ontario Supreme Court, Canada. In support of

this motion, Plaintiff states the following:

    1.    In violation of federal and state statutes forbidding unsolicited facsimile

advertisements, Defendant sent an unsolicited advertisement to Plaintiff's fax machine without

first obtaining Plaintiff's express permission or invitation. Plaintiff filed this putative class

action against Defendant challenging its practice of sending "junk" faxes, and alleging violations

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

    2.    Upon information and belief, Tyler Eyamie, 110 Braddock Private Ottawa,

Ontario, Canada, K2J 5S6, was PALDO SIGN AND DISPLAY COMPANY's account

representative for the fax broadcaster who transmitted the advertisements on behalf of the Defendant.

3.     Plaintiff requires the production of documents and testimony of Tyler Eyamie to provide evidence on the issues of numerosity, commonality, and damages.

4.     To enter an order requiring Tyler Eyamie to attend a deposition and produce the requested documents, the Ontario Supreme Court requires the presentation of Letters Rogatory signed by a Judge of the Circuit Court of Lake County, Illinois. A draft Letter Rogatory is attached hereto as Exhibit A.

WHEREFORE, Plaintiff PALDO SIGN AND DISPLAY COMPANY, respectfully requests this Court to grant its Motion for Letters Rogatory for Tyler Eyamie, along with any other appropriate relief.

Respectfully submitted,

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
Ryan Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
847/368-1500 (tel)
847/368-1501 (fax)
A.R.D.C. No.: 6187822

2

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS

PALDO SIGN AND DISPLAY COMPANY, )
individually and as the representative of a class of )
similarly-situated persons, )
 )
    Plaintiff, )
 ) Case No.: 12 CH 1346
 )
  v. )
 )
UNIFIED MARKETING, LLC, et al )
 )
    Defendants. )
 )

## LETTER ROGATORY

The Circuit Court of the 19th
Judicial District in Lake County, Illinois
to The Superior Court of Justice
Ottawa Courthouse
161 Elgin Street, 2nd Floor
Ottawa K2P 2K1 Ontario, Canada

WHEREAS, a certain suit is now pending in the Circuit Court of the 19th Judicial District

in Lake County, Illinois, in which PALDO SIGN AND DISPLAY COMPANY, individually and

as the representative of a class of Similarly-Situated Persons is the Plaintiff, and Unified

Marketing, LLC, United Vending And Marketing, Inc., Sunrise Marketing & Vending, Inc.,

Global Vending Services Inc., Matthew A. Capicchioni a/k/a Matt Capi, Nicholas G. Chomakos

a/k/a Nick Choma, Laura E. Chomakos, are the Defendants. It has been suggested to us that

justice cannot be completely done between these parties without the production of documents

more fully described on Exhibit A and the deposition testimony of Tyler Eyamie, 110 Braddock

Private Ottawa, Ontario, Canada, K2J 5S6.



We, therefore, request you, in furtherance of justice by the proper and usual process of your court cause Tyler Eyamie to appear before you or some competent person appointed by you for that purpose, at a date and time to be fixed, and there to answer on its oath or affirmation to the questions and cross questions propounded by the attorneys for the parties listed below, and that you will cause the deposition to be committed to writing and returned to us by certified mail, under cover duly closed and sealed up, addressed to the Clerk for the Circuit Court of the 19th Judicial District in Lake County, Illinois, 18 North County Street, Waukegan, IL 60085.

And we shall be ready and willing to do the same for you in a similar case when required.

Witness, the Hon. Judge Mitchell Hoffman, Circuit Court of the 19th Judicial District in Lake County, Illinois,, and the seal thereof, this ____ day of July, 2012.


_____
Judge


_____
Clerk


Attorneys for Plaintiff:
Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500

2

# EXHIBIT A

You are requested to be deposed at a place and time to be selected by Plaintiff and produce the following documents at least one week prior:

Definitions

"Defendant" means Unified Marketing, LLLC, United Vending And Marketing, Inc., Sunrise Marketing & Vending, Inc., Global Vending Services Inc.,  Matthew A. Capicchioni a/k/a Matt Capi, Nicholas G. Chomakos a/k/a Nick Choma, Laura E. Chomakos and/or any of your employees, agents.

1.      All information provided to you by Defendant, Unix U.S.A, Erol Soamez, and/or Yuriy Mirskiy.

3