UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PALDO SIGN AND DISPLAY COMPANY and SABON, INC., *individually and as the representatives of a class of similarly-situated persons*, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 13-cv-1896 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| UNITED VENDING AND MARKETING, INC., *et al.*, ) ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Paldo Sign and Display Company ("Paldo") and Sabon, Inc. ("Sabon"), have brought this class action against multiple Defendants for allegedly sending unsolicited facsimiles, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. At issue are two motions to dismiss Plaintiffs' Second Amended Complaint ("SAC"). Defendant Tyler Eyamie filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendants Nicholas Chomakos and Laura Chomakos, proceeding *pro se*, also have filed a motion to dismiss. For the reasons discussed below, Eyamie's Motion [80] is granted, and Nicholas and Laura Chomakos's Motion [78] is denied.

## BACKGROUND

The following facts are taken from the Second Amended Complaint, the submitted exhibits and affidavits. In September 2009, Paldo, an Illinois corporation, received an unsolicited facsimile advertising a vending machine. In May 2011, Sabon, a Florida corporation, received the same facsimile. (SAC ¶¶ 28-29.) Plaintiffs allege that Defendants United Vending

and Marketing, Inc. ("United"), Sunrise Marketing & Vending, Inc. ("Sunrise"), Global Vending

Services, Inc. ("Global"), and Unified Marketing, LLC ("Unified") marketed their products by

sending unsolicited faxes to potential customers. Plaintiffs further allege that Defendants J2

Global, Inc. ("J2 USA"), J2 Global Canada, Inc. ("J2 Canada"), and Eyamie sold fax blasting

services that were used for sending the 2009 vending machine fax, and that Defendants Accelero

Communications, Inc., Digitalspeed Communications, Inc., and Slingshot Technologies

Corporations (collectively, "Accelero") sold fax blasting services that were used for sending the

2011 fax. (SAC ¶¶ 1, 21-22.)

Eyamie is a Canadian resident who was employed by Protus IP Solutions, Inc. ("Protus"),

a Canadian corporation with its principal place of business in Ottawa, Canada. (Eyamie Mem. in

Supp. of Mot., Tyler Eyamie Declaration ("Eyamie Decl.") ¶ 19.) Protus provided, among other

things, fax broadcast services and was renamed J2 Canada after it was purchased by J2 USA.[1]

Eyamie worked as Manager of Business Development in the sales department of Protus. In

Canada, he communicated with customers, took orders and sold fax broadcast services and other

products to customers in the United States, including Illinois, at an established rate structure set

by Protus and for which he received commissions. (SAC ¶ 16; Eyamie ¶ 21.) Eyamie has never

worked in Illinois or in the United States, has never visited Illinois (except for at least one

layover at O'Hare International Airport), and owns no property in Illinois or the United States.

(Eyamie Decl. ¶¶ 4-9.) He travelled to the United States three times as an employee of Protus,

---

[1] J2 Canada is a Canadian corporation with a principal place of business in Ontario; J2
USA is a Delaware corporation with its principal place of business in California. (SAC ¶¶ 14-
16.)

but not to Illinois. (Eyamie Decl. ¶ 27.) In February 2011, Eyamie was laid off from his position at J2 Canada. (Eyamie Decl. ¶ 46.)

Defendants Nicholas Chomakos, Laura Chomakos and Matthew Capicchioni were officers, directors, shareholders and control persons of Global, Sunrise and United. Laura Chomakos was also a manager, member and control person of Unified. (SAC ¶¶ 17-18, 20.)

## ANALYSIS

### *Eyamie's 12(b)(2) Motion*

Rule 12(b)(2) permits the dismissal of a complaint where the court lacks personal jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). Upon a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction. *Citadel Group, Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008). Where there is no evidentiary hearing held, as in this case, the plaintiff must make only a *prima facie* case of personal jurisdiction based on the submission of written materials. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002). The plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citations and quotations omitted).

Plaintiffs assert that personal jurisdiction exists over Eyamie on two alternative grounds: the Illinois long-arm statute and Rule 4(k)(2).[2] The Illinois long-arm statute permits a court to

---

[2] Rule 4(k)(2) provides for personal jurisdiction for claims that arise under federal law where the defendant is not subject to jurisdiction in any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution. Personal jurisdiction in this case is governed by Illinois law because the TCPA does not provide for nationwide service of process. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *see also Creative Montessori Learning Ctr. v. Ashford Gear*, LLC, No. 09 CV 3963, 2010 WL 3526691, at *2 (N.D. Ill. Sept. 2, 2010). As explained next, the inquiry under Illinois and federal law is essentially identical.

"exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 ILCS 5/2-209(c).  Because "there is no operative difference" between the Illinois Constitution and the United States Constitution for purposes of personal jurisdiction, a district court needs only analyze whether the exercise of personal jurisdiction would be contrary to federal due process.  *Hyatt Int'l Corp.*, 302 F.3d at 715-16 (internal citations omitted).

Personal jurisdiction may be exercised in accordance with due process if the defendant has sufficient "minimum contacts" with Illinois "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Hyatt Int'l Corp.*, 302 F.3d at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Such contacts must not be fortuitous.  *Id.*  Rather, the defendant must have purposely established minimum contacts with the forum state such that he "should reasonably anticipate being haled into court" there.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).  Thus, the district court will determine if it is "fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim."  *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (citing *Int'l Shoe*, 326 U.S. at 317).  This is because "[p]otential defendants should have some control over – and certainly should not be surprised by – the jurisdictional consequences of their actions."  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Personal jurisdiction can be either general or specific.  General jurisdiction exists where the defendant has "continuous and systematic" business contacts with the forum state, so that the defendant is subject to any action, regardless of whether the action is related to the defendant's contacts.  *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).  The standard for general jurisdiction "is high; the contacts must be sufficiently extensive and pervasive to approximate

4

physical presence." *Tamburo*, 601 F.3d at 701 (internal citations omitted).  In contrast, specific jurisdiction requires that: (1) the defendant has "purposefully directed" his activities at the forum state or "purposefully availed himself of the privilege of conducting business" in the state; and (2) the specific injury arises out of the defendant's forum-related activities.  *Felland*, 682 F.3d at 673 (citing *Burger King Corp*, 471 U.S. at 472, and *Int'l Shoe*, 326 U.S. at 316).  Thus, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Tamburo*, 601 F.3d at 702.

General jurisdiction clearly does not exist over Eyamie.  Eyamie is a Canadian citizen who has never worked for an Illinois or United States company, holds no property in Illinois, and has never visited Illinois, except for an occasional, incidental layover at O'Hare airport.  Although Plaintiffs allege that Eyamie had hundreds of customers in the United States, they do not allege that Eyamie initiated those contacts, nor do they allege that he initiated those contacts with Illinois businesses.  Eyamie's sporadic contacts with Illinois are not continuous or systematic to establish general personal jurisdiction.  *Tamburo*, 601 F.3d at 701.

Specific jurisdiction also does not exist over Eyamie.  Plaintiffs' complained-of injury is that they received unsolicited faxes.  Plaintiffs do not allege that Eyamie sent the faxes at issue to them in Illinois.  Rather, they allege that one of Eyamie's customers, Erol Sonmez, used Protus's system to send unsolicited faxes on behalf of Sonmez's company, UnixUSA, LLC ("UnixUSA"), which was at one point an Illinois company.  (Eyamie Dec. ¶ 32.)  However, at the time the fax at issue was allegedly sent to Paldo in September 2009, Somnez had moved out of the United States, and UnixUSA had been dissolved as an Illinois company.  (Eyamie Reply Br., Somnez Decl. ¶ 7 and Exh. A, Certificate of Dissolution of UnixUSA.)  Plaintiffs have not

shown that Eyamie's contacts with Illinois directly relate to the alleged injury to establish personal jurisdiction.

Moreover, even if specific jurisdiction did exist over Eyamie, it would "offend 'traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp.*, 302 F.3d at 716. Eyamie, a Canadian resident and a sales manager for a Canadian company, could not have anticipated being haled into Illinois court for faxes that were sent by one of his customers. For this additional reason, specific jurisdiction does not exist over Eyamie.

Because personal jurisdiction does not exist over Eyamie, his 12(b)(2) Motion is granted, and he is dismissed as a Defendant.

### The Chomakos' Rule 12(b)(6)Motion

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

Nicholas and Laura Chomakos have filed a one-page motion in letter form that states that they never sent any faxes. The motion also, improperly, purports to be on behalf of Defendants

"Sunrise marketing & vending/Unified marketing/United vending & marketing."  The Chomakos have not filed a reply brief in support of their motion.  They state that they were "solicited by Mirskiy solutions to do marketing for me and it turns out he ended up working with these attorneys . . . . Yet the marketing company that set it all up, managed and ran the program are not being sued."  In a previous filing to the Court, Nicholas Chomakos also stated that he paid "a marketing guy (Yuriiy Mirskiy) who then ran marketing for him.  Nicholas never saw any proof of how many faxes went out, if any."  (N. Chomakos Mot. to Dismiss, 4/19/13, Dkt. 43.)

Plaintiffs have sufficiently provided Nicholas and Laura Chomakos with fair notice of their claims that companies controlled by them were responsible for sending unsolicited faxes.  Although both Chomakos deny that they sent any faxes, they also admit that they used a marketing company that could have sent faxes on their behalf.  The Chomakos' Motion does not demonstrate that Plaintiffs have failed to state a claim.  Their Motion, instead, more closely approximates an Answer to Plaintiff's SAC.  Consequently, the Chomakos' Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant Tyler Eyamie's Motion [80] is granted, and Eyamie is dismissed as a Defendant.   Defendants Nicholas and Laura Chomakos's Motion [78] is denied.

Date:___March 11, 2014___ 　　　　　_____

JOHN W. DARRAH
United States District Court Judge